NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1438

JOHN G. MARCHAND

vs.

JACLYN SANTORO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Attorney Joseph Provanzano formerly represented John G. Marchand (plaintiff) in filing a negligence complaint against Jaclyn Santoro (defendant).  Three years after filing suit, the plaintiff discharged Provanzano and obtained new counsel.  Thereafter, Provanzano filed a notice of attorney's lien and requested a hearing.  Provanzano now appeals from (1) the judgment of dismissal, arguing that the matter should not have been dismissed while there was a pending lien issue and (2) orders entered November 4, 2024, denying the plaintiff's motion to determine the attorney's lien and Provanzano's motion to vacate the judgment of dismissal of the matter without granting

a hearing to determine the amount of his attorney's lien.[1]  We affirm in part and reverse in part and remand for a hearing consistent with this order.

Background.  In November 2017, the plaintiff and defendant were in a motor vehicle accident.  The plaintiff retained Provanzano, who drafted and in May 2019 filed a three-page negligence complaint against the defendant.  In June 2022, a judge dismissed the complaint.  The plaintiff then discharged Provanzano and hired new counsel in October 2022.  On October 11, 2022, Provanzano filed a notice of attorney's lien, notice of request for a hearing, and motion to withdraw as counsel of record.  No action was taken on the attorney's lien.

Represented by new counsel, the plaintiff moved to vacate the dismissal of the complaint, which a judge allowed.  The plaintiff and defendant then agreed to submit to binding arbitration in June 2024.  A ninety-day order of dismissal nisi was entered on June 12, 2024, ordering the parties to file an agreement for judgment or stipulation of dismissal by September 12, 2024, or a judgment dismissing "the Complaint, and all other

---

[1] Both the plaintiff and defendant notified this court of their respective intentions to not file briefs in this appeal pursuant to Mass. R. A. P. 19 (e), as appearing in 481 Mass. 1642 (2019).  The defendant also notified this court that "[t]he Defendant agrees with the appellee's position that the matter should be returned to the lower court for a hearing on the previously filed motions to determine [Provanzano's] fees."

claims, without prejudice" would be entered.[2]  A binding

arbitration decision on August 12, 2024, awarded the plaintiff

$29,614.

On September 19, 2024, seven days after the nisi order

deadline, the plaintiff filed a motion for determination of

Provanzano's attorney's lien for attorney's fees due, "if any,"

and requested a hearing.  A judge denied the plaintiff's motion

for a hearing on the attorney's lien on or around October 10,

2024.  A judgment of dismissal also entered on October 10, 2024,

for failure to comply with the nisi order dated June 12, 2024.

On October 31, 2024, the plaintiff filed another motion to

determine Provanzano's attorney's lien, and Provanzano filed a

motion to vacate the judgment of dismissal.  A judge denied both

motions.[3]  This appeal followed.

Discussion.  Provanzano contends that the judge abused his

discretion in declining to address the attorney's lien.  We

agree.  The attorney's lien statute, G. L. c. 221, § 50,[4] as set

_____

[2] It is not clear that Provanzano received notice of this
order given an October 11, 2022 docket entry noting that he was
"dismissed/withdrawn as Private Counsel."

[3] On October 22, 2024, the plaintiff also filed an assented-
to motion to vacate the judgment of dismissal, but it does not
appear that the judge ruled on that specific motion.

[4] General Laws c. 221, § 50, provides as follows:

"From the authorized commencement of an action,
counterclaim or other proceeding in any court, or

3

forth in the margin, "was designed to protect, as a matter of public policy, an attorney's right to compensation for the rendering of legal services." Ropes & Gray LLP v. Jalbert, 454 Mass. 407, 413 (2009). To enforce a statutory attorney's lien, an attorney must show that "(1) an action was commenced, (2) the attorney appeared for the client in that action, (3) a court entered a judgment, decree, or order in that action, (4) the judgment, decree, or order was favorable to the attorney's client, and (5) proceeds were derived from that judgment, decree, or order" (citations omitted). Northeastern Avionics, Inc. v. Westfield, 63 Mass. App. Ct. 509, 513 (2005). Here, none of these conditions are contested. In fact, the plaintiff agreed to a hearing on Provanzano's attorney's lien to determine the validity of the lien and the amount due Provanzano.

appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a court, the superior court, may determine and enforce the lien; provided, that the provisions of this sentence shall not apply to any case where the method of the determination of attorneys' fees is otherwise expressly provided by statute."

Here, the judge's order denying the parties' requested hearing on the determination of the attorney's lien is contrary to the policy established by G. L. c. 221, § 50, to protect attorneys from not being compensated for legal services rendered. See Craft v. Kane, 51 Mass. App. Ct. 648, 652 (2001). Provanzano's attorney's lien became choate and attached to the nisi order. See id. at 651. Considering that his lien was timely filed and accepted by the court, Provanzano was entitled to a hearing on the lien, and the fact that the underlying matter was settled and dismissed did not extinguish his right to be compensated for his work as prior counsel. See G. L. c. 221, § 50 ("attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses"). See also Craft, supra (holding that stipulation of dismissal constitutes judgment within meaning of G. L. c. 221, § 50, and that dismissal of suit did not affect attorney's lien).

Indeed, it was precisely after the case was reported settled and an order entered, that Provanzano's lien matured and was ripe for determination. See Cohen v. Lindsey, 38 Mass. App. Ct. 1, 4 (1995) ("The sweep of [the attorney's lien] statute now includes any type of court order obtained in a client's favor").

Further, it is unclear from the record whether Provanzano received notice of the nisi order deadline. The record suggests that Provanzano may have learned of the nisi order deadline when

5

he received the plaintiff's September 19, 2024 motion and attached exhibits, including the case docket with an entry noting the nisi order deadline. The docket entry does not, however, include the full language of the nisi order and does not state that failure to comply with the deadline would result in dismissal of the complaint and "all other claims" without prejudice.

Moreover, the nisi order pertained to the underlying complaint and not to Provanzano's lien. Even if Provanzano did receive the nisi order, there is no indication that the order would apply to claims beyond those outside of the usual case filings. The parties' initial request for the nisi order is instructive, as it suggests that the parties' purpose in requesting the order was tailored to resolve the underlying suit after the parties agreed to binding arbitration. Specifically, the parties requested the order "to allow time to complete the arbitration, complete closing documents, and file a stipulation of dismissal with the Court." There is no mention of Provanzano's attorney's lien in the request.

Finally, it matters not that the underlying case was no longer pending; the judge could still determine the lien: "Upon request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a

6

court, the superior court, may determine and enforce the lien."
G. L. c. 221, § 50.

Conclusion.  The judgment of dismissal and the November 4, 2024 order denying the motion to vacate the judgment of dismissal are affirmed.  The November 4, 2024 order denying the motion to determine the attorney's lien is reversed.  We remand the matter to the Superior Court for a hearing on the attorney's lien.

So ordered.

By the Court (Grant,
  Brennan & Smyth, JJ.[5]),

Clerk

Entered:  May 11, 2026.

---

[5] The panelists are listed in order of seniority.